## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **FRANKLIN L. WILLIAMS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-13-CV-002-SS** |
| | § | |
| **MIKE PEARCE,[1] WARDEN,** | § | |
| **FCI BASTROP,** | § | |
| **Respondent** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Franklin L. Williams's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1).  The Magistrate Judge submits this Report and

Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of

Appendix C of the Local Court Rules of the United States District Court for the Western District of

Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  BACKGROUND AND ANALYSIS

Petitioner Franklin L. Williams ("Williams"), Reg. No. 12952-021, is currently a federal

prisoner incarcerated in the Bureau of Prisons ("BOP") pursuant to a judgment and sentence in

Criminal Case No. 5:06-CR-00014 in the United States District Court for the Southern District of

Georgia.  Clerk's Doc. No. 1.  Williams is serving time after a jury found him guilty of one count

---

[1] When Williams filed the instant case, he named the "Warden" and the United States Marshal Service as defendants.  However, the appropriate respondent for habeas corpus claims under § 2241 is the warden of the facility in which the petitioner is being held.  As such, the Court has changed the responding party accordingly.  The United States Marshal Service should not be a party to this habeas corpus petition.

of distribution of more than five grams of cocaine base and one count of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  *See United States v. Williams*, No. 5:06-CR-014-WTM-JEG, ECF No. 49-1.  Williams was sentenced on June 20, 2007, to 292 months of imprisonment on each count, to be served concurrently with his revoked state parole term for a 1997 state conviction in Georgia for possession of cocaine.  *Id.*, ECF No. 62 at 2.  Williams's convictions and sentence were affirmed on direct appeal.  *United States v. Williams*, 262 F. App'x 165 (11th Cir. 2008).  Since 2007, Williams has been transferred to a number of different federal correctional institutions, including FCI-Bastrop, where he is currently serving his sentence.

Williams is an abusive filer and has continuously flooded the federal courts with lawsuits, none of which have been successful.  This Court has already detailed his extensive history of filing cases in the federal courts.  *See* Consolidated Report and Recommendation of the United States Magistrate Judge, Dkt. No. 25 in 1:12-CV-368-SS; Dkt. No. 14 in 1:12-CV-506-SS; and Dkt. No. 6 in 1:12-CV-936-SS.  In February, Judge Sparks adopted the recommendations in these cases, and imposed both monetary and filing sanctions.  Order dated Feb. 13, 2013 in 1:12-CV-368-SS, 1:12-CV-506-SS, and 1:12-CV-936-SS.  Williams has also been warned twice by the Fifth Circuit against "frivolous, repetitive, or otherwise abusive filings" and that continuing to do so could subject him to the imposition of sanctions.  *See Williams v. Tamez*, 476 Fed.Appx. 6 (5th Cir. 2012); *Williams v. Tamez*, 466 Fed.Appx. 326 (5th Cir. 2012).

In Williams's instant petition for habeas corpus under § 2241—which was filed before the sanctions and filing limitations recently imposed by Judge Sparks were entered—he brings claims that are almost identical to his previous habeas petitions.  Broadly construed, Williams alleges: (1) that he is being denied due process and access to the courts resulting from the loss of his property; (2) that he is actually innocent of the charges against him; and (3) that his federal and state sentences

2

are illegal and that the court's delay in review of his sentences denies him justice.  The first two claims were already considered by this Court a previous habeas petition by Williams.  *See* Clerk's Doc. No. 25 in cause number 1:12-CV-368-SS.  Consequently, the Court simply reiterates here that regarding Williams's first two claims in the instant habeas petition, he has failed to properly bring his claims for the same reasons as set forth in the Court's previous Report and Recommendation, and Judge Sparks' Order adopted those recommendations.

As to Williams's claim that his federal and state sentences are illegal and that delays in review deny him justice, the Court also finds that Williams has failed to properly bring his claims. If Williams seeks to contest his 1997 sentence in Georgia state court, the proper provision for doing so is 28 U.S.C. § 2254.  *See Pleasant v. Texas*, 134 F.3d 1256, 1258 n.3 (5th Cir. 1998) (recognizing that challenges to convictions under Texas law are properly brought under § 2254).  If Williams is challenging his 2007 federal sentence, those claims are properly brought under 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005).  In the instant case, Williams seeks relief under § 2241, which should be "used to attack the manner in which a sentence is executed."  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Because a challenge to the legality of Williams's federal and state sentences does not "attack the manner in which a sentence is executed," his claim may not be properly brought under § 2241 and should be dismissed.

## II.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS** with prejudice Franklin L. Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1).  Because this suit was filed before sanctions were imposed against Williams, it would not be appropriate to impose any additional sanctions on Williams at this time.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of March, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE